IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LERONE NESMITH ) | |
|     Petitioner ) | |
| ) | |
| vs. ) | C.A.No. 09-197 Erie |
| ) | |
| BUREAU OF PRISONS, et al ) | Magistrate Judge Baxter |
|     Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed due to Petitioner's failure to prosecute.

**II    REPORT**

Petitioner, an inmate currently incarcerated at the FCI-McKean in Bradford, Pennsylvania, filed this petition for writ of habeas corpus on August 4, 2009.

By Order dated November 6, 2009, Petitioner was directed to show cause before November 18, 2009, for his failure to cooperate with the U.S. Marshal Service in its efforts to accomplish service. The order warned that failure to comply would result in the dismissal of this action for failure to prosecute. As of today's date, Petitioner has not complied with this order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the

1

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. This case is over three months old, yet Petitioner has not taken the initial steps in order to have this matter served upon Respondents. Further, Petitioner has ignored orders of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations could state a habeas claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 23, 2009